BERNARD HALPERT AND NANCY HALPERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Halpert v. Commissioner
Docket No. 25340-89
United States Tax Court
T.C. Memo 1990-262; 1990 Tax Ct. Memo LEXIS 281; 59 T.C.M. (CCH) 696; T.C.M. (RIA) 90262; May 29, 1990, Filed Stephen L. Packard, for the petitioners. Iris K. Rothman, for the respondent. WELLS
*957 MEMORANDUM OPINION The instant case is before us on petitioners' motion filed December 29, 1989, to strike certain matter from respondent's answer filed December 14, 1989. Respondent filed a notice of objection, and a hearing was held on February 5, 1990, for the purpose of oral argument. In his notice of deficiency, respondent determined a deficiency in the amount of $ 33,457 in petitioners' Federal income taxes for taxable year 1973 and an addition to tax against petitioner Bernard Halpert (hereinafter referred to individually as "petitioner") for fraud in the amount of $ 16,729 pursuant to section 6653(b). (All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in *282 issue and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.) Respondent alleged in his answer that all or part of the alleged underpayment of tax was due to petitioner's fraud. In support of that allegation, respondent alleged the following:
FURTHER ANSWERING the petition and in support of the determination that all or part of the underpayment of tax required to be shown on the petitioners' income tax *958 return for the taxable year 1973 is due to fraud, the respondent alleges: (a) During the taxable year 1973, the petitioners claimed a deduction on Schedule C of their federal income tax return for cost of goods sold by Bushwick in the amount of $ 101,132.00. This amount was characterized on that return as "Merchandise Purch[ases]". (b) Of the $ 101,132.00 deduction described in subparagraph (a) of paragraph 7 above, $ 56,500.00 was attributable to payments made by Bushwick to JLC Lab Corp. (hereinafter referred to as JLC) and CPA Labs, Inc. (hereinafter referred to as CPA). (c) No portion of the $ 56,500.00 in payments claimed as a deduction on Schedule C of the petitioners' 1973 federal income tax return, as *283 described in paragraphs 7 (a) and (b) above, was made for merchandise purchases. (d) No portion of the $ 56,500.00 in payments described in paragraphs 7(a) and (c) above consisted of ordinary and necessary expenses paid or incurred during the taxable year 1973 in carrying on any trade or business. (e) The petitioner knew that the payments described in subparagraphs (b) through (c) of paragraph 7 above were not deductible on Schedule C of his federal income tax return for the taxable year 1973. (f) During the taxable year 1973, the petitioner was president and sole shareholder of Biometric Affiliated Research Laboratories, Inc. (hereinafter referred to as BARL). (g) During the period July 1, 1973 through June 30, 1975, BARL diverted $ 225,000.00 of its gross receipts to CPA and failed to report said income on its corporate income tax returns for the fiscal years ending June 30, 1974 and June 30, 1975. (h) During the taxable year 1973 the petitioner personally informed or directed others to inform eighty-one doctors who had previously paid BARL for laboratory tests performed by it, to make all future payments for tests performed by BARL to CPA or JLC. (i) The doctors described *284 in subparagraph (h) immediately above were instructed by the petitioner or at his direction to pay CPA or JLC instead of BARL for the express purpose of concealing the diversion of gross receipts of BARL. (j) The unreported income of BARL which was deposited to the bank accounts of CPA or JLC, and the existence of said bank accounts, was concealed by the petitioner from BARL's accountant who prepared its corporate income tax returns. (k) On October 16, 1979 an indictment was filed against the petitioner, charging him with willfully and knowingly aiding and assisting in the preparation of federal corporate income tax returns for BARL for the fiscal years ending June 30, 1974 and June 30, 1975, which were false and fraudulent as to a material matter, in violation of section 7206(2). Attached hereto as Exhibit A is a copy of said indictment. (l) On March 21, 1980 the petitioner entered a plea of guilty to Count 2 of said indictment, violating section 7206(2) for the fiscal year ending June 30, 1975. (m) On October 3, 1980 the United States District Court, Southern District of New York, entered its judgment pursuant to said guilty plea, and sentenced the petitioner to forty-two *285 months imprisonment; the defendant to serve six months and to be placed on probation for the remaining thirty-six months. Attached hereto as Exhibit B is copy of said Judgment and Probation/Commitment Order. (n) On Schedule C of his income tax return for the taxable year 1973, petitioner claimed a deduction for cost of goods sold for which he knew he was not fully entitled. (o) The petitioner overstated the deduction for cost of goods sold on schedule C of his federal income tax return for the taxable year 1973 by the amount of $ 56,500.00. (p) The petitioner's overstatement of the deduction for cost of goods sold on Schedule C of his federal income tax return for the taxable year 1973 was fraudulent with intent to evade tax. (q) The petitioner fraudulently and with intent to evade tax understated his taxable income on his income tax return for the taxable year 1973 in the amount of $ 56,500.00 (r) The petitioner fraudulently and with intent to evade tax understated his income tax liability on his income tax return for the taxable year 1973 in the amount of $ 33,457.00. (s) All or part of the underpayment of tax required to be shown on the petitioners' joint income tax *286 return for the taxable year 1973 was due to fraud. Petitioner contends that respondent has failed to allege any facts tying the asserted deficiency and fraud penalty to any actions by petitioner involving BARL, and therefore references to BARL should be stricken from respondent's answer as immaterial. Respondent argues that he should be allowed to refer to BARL in his answer because the filing of a false return by another entity of which petitioner was the president *959 and sole shareholder raises an inference of fraud in his case against petitioner. Petitioner argues that because the asserted deficiency arises from the disallowance of a portion of Bushwick's claimed cost of goods sold and the asserted fraud addition arises out of alleged kickbacks to JLC and CPA, neither of which are activities of BARL, references to BARL are immaterial. Respondent counters that he will establish at trial that JLC and CPA had no legitimate purpose and that their purpose was to launder the alleged income diverted from BARL and to pay kickbacks to doctors and medical clinics who referred Medicaid patients to BARL for blood tests. Rule 52 authorizes the Court to strike from any pleading *287 any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. . With respect to motions to strike, in , we stated the following: Motions to strike * * * have not been favored by the Federal courts * * * "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." * * * "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied." * * * In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party * * * [citations omitted]. . See also . Respondent relies on , for the proposition that the Court will *288 infer fraud with respect to an individual's return where that individual willfully subscribes to a materially false return of a corporation of which he is the president and sole shareholder. Petitioners argue that Adak is distinguishable from the instant case because there the individual taxpayer "was the recipient of a major part of the very income diverted from [the corporation], and by his acts unreported on its returns". ; 52 P-H Memo T.C. par. 83,531 at 2148. While it is unnecessary to decide, for purposes of the instant motion, whether the Court might infer any fraud on the part of petitioner from his alleged activities involving BARL, we note that the Supreme Court has held that fraud may be inferred from a course of conduct. . At the hearing, respondent's counsel represented that respondent intends to rely on the facts alleged in his answer to establish petitioner's fraudulent intent through petitioner's course of conduct with BARL. Respondent's counsel also stated that respondent will establish at trial that JLC and CPA *289 had no legitimate purpose and that the purpose of JLC and CPA was to launder the alleged income diverted from BARL and to pay kickbacks to doctors and medical clinics who referred Medicaid patients to BARL for blood tests. Based upon the foregoing, we hold that petitioners have not shown that alleged activities involving petitioner, Bushwick, BARL, and CPA have "no possible relation" to the controversy in the instant case. Petitioners have cited no authority which would conclusively support their contention that the factual references in respondent's answer can in no way support respondent's allegation of fraud. Moreover, petitioners have not shown any prejudice to them in the event respondent's references to BARL are allowed to stand. Because respondent has asserted fraud in the instant case, he is required to plead the facts underlying that assertion and he has done so. Until those facts have been more fully developed and presented to us, we will not be able to decide what inference, if any, can be drawn from them. While we make no comment on the propriety *290 of drawing an inference of fraud from the allegations in question in the instant case, we hold that respondent was entitled to make such allegations. Accordingly, we will deny petitioner's motion. To reflect the foregoing, An appropriate order will be issued.